UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:  s/R Schumitsh
Deputy Clerk

IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION

| | |
|---|---|
| Rose Monteiro, et al. v. DePuy Orthopaedics, Inc., et al., D. Nevada, C.A. No. 2:12-01576 ) ) | MDL No. 2197 |
| Donald Sixberry v. DePuy Orthopaedics, Inc., et al., D. Oregon, C.A. No. 3:12-01622 ) ) | |
| Karen Johnson v. DePuy Orthopaedics Inc., et al., D. South Carolina, C.A. No. 3:12-02274 ) ) | |

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in three actions move to vacate our orders that conditionally transferred their respective actions to MDL No. 2197. Responding defendants[1] appearing in one or more actions oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2197, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's recalled ASR XL Acetabular Hip System. *See In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, 753 F. Supp. 2d 1378 (J.P.M.L. 2010). These actions all involve injuries from implantation of DePuy ASR hip implants and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 2197. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. Plaintiffs in these actions can present their

---

[1] DePuy Orthopaedics, Inc., DePuy International Ltd., and DePuy, Inc. (collectively DePuy); Johnson & Johnson, Johnson & Johnson International, Johnson & Johnson Management Ltd., Johnson & Johnson Medical Ltd.; A1A, Inc.; William G Macari and Macari Medical Inc.; and Jacob Rule.

-2-

motions for remand to the transferee judge.[2]  *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

---

[2]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.